PROB 12C  
(06/17) Absconded

December 1, 2023  
pacts id: 7068881

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ernesto Lozano-Canales (English)   **Dkt. No.:** 20CR02803-001-CAB

**Reg. No.:** 97934-298

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Sentence:** October 22, 2021

**Sentence:** 30 months' custody; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On May 1, 2023, the conditions of supervision were modified to include Mr. Lozano-Canales enter and successfully complete a residential drug treatment program.

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** January 18, 2023

**Asst. U.S. Atty.:** Shital Thakkar   **Defense Counsel:** Timothy R. Garrison (Appointed) 619-685-3722

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

PROB12(C)

Name of Offender: Ernesto Lozano-Canales  December 1, 2023
Docket No.: 20CR02803-001-CAB  Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITIONS** | **ALLEGATIONS OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On March 20 and 27, 2023, Mr. Lozano-Canales used a controlled substance, fentanyl, as evidenced by his signed written admission to the probation officer on March 30, 2023.<br><br>2. On April 12, 2023, Mr. Lozano-Canales used a controlled substance, fentanyl, as evidenced by his signed written admission to the probation officer on April 21, 2023.<br><br>3. On June 7, 2023, Mr. Lozano-Canales used a controlled substance, marijuana, as evidenced by his signed written admission to the probation officer on June 27, 2023.<br><br>4. On August 25 and October 2, 2023, Mr. Lozano-Canales used a controlled substance, methamphetamine, as evidenced by his signed written admission to the probation officer on October 3, 2023.<br><br>5. Mr. Lozano-Canales failed to comply with drug testing requirements as instructed by the probation officer in that he failed to submit samples of his urine at GEO Reentry Services (GEO) on the following dates: February 3 and March 29, 2023. |

***Grounds for Revocation:*** As to allegation 1, Mr. Lozano-Canales submitted a urine sample at GEO on March 22, 2023, which subsequently screened positive for fentanyl. On March 30, 2023, when confronted with the results, Mr. Lozano-Canales admitted he had used fentanyl on March 20 and 27, 2023.

As to allegation 2, Mr. Lozano-Canales submitted a urine sample at GEO on April 14, 2023, which screened positive for fentanyl. On April 21, 2023, when confronted with the results, Mr. Lozano-Canales admitted he had used fentanyl on April 12, 2023.

As to allegation 3, Mr. Lozano-Canales submitted a urine sample at GEO on June 8, 2023, which screened positive for cannabinoids. On June 27, 2023, when confronted with the results, Mr. Lozano-Canales admitted he had used marijuana on June 7, 2023.

As to allegation 4, on August 21, 2023, Lozano-Canales was applied a PharmChek sweat patch. The patch was subsequently removed on August 28, 2023, and sent to the laboratory for analysis. On September 7, 2023, laboratory results of the sweat patch confirmed positive results for amphetamine and methamphetamine. On October 3, 2023, when confronted with the positive results, Mr. Lozano-Canales admitted to having used methamphetamine on August 25 and October 2, 2023.

Case 3:20-cr-02803-CAB   Document 41   Filed 12/04/23   PageID.102   Page 3 of 8

PROB12(C)

| | |
|---|---|
| Name of Offender: Ernesto Lozano-Canales | December 1, 2023 |
| Docket No.: 20CR02803-001-CAB | Page 3 |

As to allegation 5, the probation officer received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that on the above dates, Mr. Lozano-Canales failed to submit a sample, as required. On January 25, 2023, the probation officer reviewed written instructions for drug testing with Mr. Lozano-Canales, and he acknowledged receipt of the instructions with his signature. Specifically, he was instructed to call the drug testing line after 8:15 p.m., before each possible testing day, and report for testing when instructed to do so by the automated recording. Testing days are Monday through Friday.

**(Special Condition)**
Enroll in and successfully complete a residential drug treatment program as directed by the probation officer.

6. Mr. Lozano-Canales failed to successfully complete Casa Raphael, a residential drug treatment program, as directed.

7. Mr. Lozano-Canales failed to successfully complete New Creations, a residential drug treatment program, as directed.

*Grounds for Revocation:* As to allegation 6, on June 13, 2023, Mr. Lozano-Canales entered Casa Raphael, a residential drug treatment program located in Vista, California. Unfortunately, on August 28, 2023, Mr. Lozano-Canales was unsuccessfully discharged from the program.

As to allegation 7, on October 4, 2023, Mr. Lozano-Canales entered New Creations, a faith-based residential drug treatment program located in El Centro. Unfortunately, on October 31, 2023, Mr. Lozano-Canales walked out of the program without successfully completing it, and without first obtaining authorization from the probation officer.

**(Standard Condition)**
The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. On October 31, 2023, Mr. Lozano-Canales changed his place of residence without notifying the probation officer within the required 72 hours.

*Grounds for Revocation:* On January 25, 2023, the probation officer reviewed the conditions of supervision with Mr. Lozano-Canales, including the requirement that he notify the probation officer 10 days before a change of residence, or within 72 hours of an unanticipated change. October 31, 2023, Mr. Lozano-Canales left New Creations, his last place of residence. To date, Mr. Lozano-Canales has failed to contact the probation officer to notify of his change of residence.

PROB12(C)

| | |
|---|---|
| Name of Offender: Ernesto Lozano-Canales | December 1, 2023 |
| Docket No.: 20CR02803-001-CAB | Page 4 |

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Since the start of his supervised release term, Mr. Lozano-Canales has been struggling with his drug addiction. As the Court is aware, a modification was sought in order to refer Mr. Lozano-Canales to residential drug treatment due to his use of fentanyl. It was hoped Mr. Lozano-Canales would be able to address his substance abuse issues through intensive treatment. On June 13, 2023, Mr. Lozano-Canales entered Casa Raphael. Mr. Lozano-Canales appeared to be adjusting well for the first two months. However, staff at Casa Raphael began noticing a change in his behavior and it was their belief Mr. Lozano-Canales had relapsed. In order to remove all doubts, the probation officer proceeded to apply a PharmChek sweat patch. Unfortunately, the sweat patch confirmed Mr. Lozano-Canales had relapsed as the results were positive for methamphetamine. Mr. Lozano-Canales was unsuccessfully discharged from the program, and he returned to his residence in Calexico, California. Mr. Lozano-Canales was provided with one more opportunity to address his addiction by allowing him to enter New Creations, a Christian based residential drug treatment program in El Centro. Mr. Lozano-Canales entered the program on October 4, 2023. Unfortunately, on October 31, 2023, he walked out of the program to the surprise of staff. Since then, Mr. Lozano-Canales has not contacted the probation officer to report his change of address and to provide his current whereabouts.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Lozano-Canales is a 37-year-old Hispanic male. Although single, Mr. Lozano-Canales has a son from a previous relationship. He has been unemployed for the entire time on supervised release, and his employment history includes work as a seasonal field laborer.

Mr. Lozano-Canales has a long history of substance abuse that includes marijuana, clonazepam, methamphetamine and heroin. In addition, he recently began using fentanyl. As to his criminal history, Mr. Lozano-Canales has been convicted for possession of marijuana for sale, reckless driving, carrying concealed dirk or dagger, battery on peace officer, battery on spouse, burglary, obstructing a peace officer and robbery.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (drug use, failure to comply with drug testing, failure to successfully complete a residential drug treatment program, and failure to notify of his change of residence) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Case 3:20-cr-02803-CAB   Document 41   Filed 12/04/23   PageID.104   Page 5 of 8

PROB12(C)

| | |
|---|---|
| Name of Offender: Ernesto Lozano-Canales | December 1, 2023 |
| Docket No.: 20CR02803-001-CAB | Page 5 |

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Lozano-Canales has a significant history of substance abuse. Unfortunately, he has not taken advantage of the two opportunities to complete residential drug treatment to address his addiction head on. In order to protect Mr. Lozano-Canales and the community, and to ensure his presence before the Court to address the violations noted herein, it is respectfully recommended a warrant for his arrest be issued.

## RECOMMENDATION/JUSTIFICATION

Despite the attempted interventions of inpatient drug treatment, Mr. Lozano-Canales' substance abuse issues continue to escalate. Unfortunately, it is evident Mr. Lozano-Canales is not vested in his recovery at this time. Moreover, Mr. Lozano-Canales' use of fentanyl is not only problematic but is of great concern to this officer.

Therefore, should the allegations of noncompliance be sustained, it is respectfully recommended supervised release be revoked and Mr. Lozano-Canales be sentenced to 7 months' custody, which is the low-end of the recommended revocation range.

Case 3:20-cr-02803-CAB   Document 41   Filed 12/04/23   PageID.105   Page 6 of 8

PROB12(C)

| | |
|---|---|
| Name of Offender: Ernesto Lozano-Canales | December 1, 2023 |
| Docket No.: 20CR02803-001-CAB | Page 6 |

Additionally, a 36-month term of supervised release is also recommended with the same conditions as previously imposed and with the following special conditions to assist in his longer-term sobriety and stable residence:

1) Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

2) Enroll and successfully complete a residential drug treatment program as directed by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  December 1, 2023**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by _____
Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

Reviewed and approved:

_____
Lorena Gonzalez
Supervisory U.S. Probation Officer

PROB12CW                                                                                               December 1, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Lozano-Canales, Ernesto

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  20CR02803-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Drug use | C |
| Failure to comply with drug testing | C |
| Failure to successfully complete a residential drug treatment program | C |
| Failure to notify of his change of residence | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                    [     C     ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                           [     V     ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                  [   7 to 13 months   ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____          Community Confinement _____

    Fine($) _____                  Home Detention _____

    Other _____                    Intermittent Confinement _____

PROB12(C)

| | |
|---|---|
| Name of Offender: Ernesto Lozano-Canales | December 1, 2023 |
| Docket No.: 20CR02803-001-CAB | Page 8 |

**THE COURT ORDERS:**

__x__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____
The Honorable Cathy Ann Bencivengo
U.S. District Judge

12/4/2023
Date